# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 22 2019, 7:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Connie Teeple
Decatur, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Connie Teeple, <br> *Appellant-Plaintiff,* <br><br> *v.* <br><br> Marilyn Mount, <br> *Appellee-Defendant.* | April 22, 2019 <br><br> Court of Appeals Case No. <br> 19A-SC-169 <br><br> Appeal from the Allen Superior Court <br><br> The Hon. Thomas P. Boyer, Magistrate <br><br> Trial Court Cause No. <br> 02D01-1805-SC-6613 |

**Bradford, Judge.**

# Case Summary

[1] Connie Teeple appeals from the entry of judgment against her in her small-claims action against Marilyn Mount. Teeple contends that the magistrate who heard her case was biased against her and that the trial court's judgment is clearly erroneous. Because Teeple did not request a transcript of her trial, however, her claims are waived for appellate review. We affirm.

# Facts and Procedural History

[2] According to the trial court's order of judgment, Mount and her family rented a residence in Fort Wayne owned by Teeple from 2005 to 2014. At some point after the Mounts moved out, Teeple filed this small-claims action against Mount, alleging that Mount was responsible for damage that was done to the residence when she lived there. On November 16, 2018, following a trial, the trial court entered judgment in favor of Mount.

# Discussion and Decision

[3] Teeple seems to contend that (1) the magistrate's conduct during trial indicates that he was biased against her and, (2) based on the evidence presented at trial, the trial court's judgment is clearly erroneous. Teeple, however, has waived her claims for appellate review by failing to request a transcript. Indiana Rule of Appellate Procedure 9(F)(5) provides, in part, that a notice of appeal "shall" include

> [a] designation of all portions of the Transcript necessary to present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion

thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence.

[4] It is well-settled that the "failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *Campbell v. Criterion Grp.*, 605 N.E.2d 150, 160 (Ind. 1992). Teeple did not secure a transcript for this appeal, despite both of her arguments being based entirely on alleged occurrences at trial. Consequently, her claims are waived for appellate review.

[5] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.